[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of the 28 year marriage of the parties which was brought by the plaintiff-husband, but which proceeded on the answer and cross-complaint of the defendant-wife, dated July 23, 1996. CT Page 13370
The plaintiff failed to present himself during the trial and was represented by his attorney, who remained in the case after the court denied her motion to withdraw as counsel on July 31, 1997. The court has the requisite jurisdiction to enter judgment in this matter.
Having heard the evidence and testimony and having considered the criteria set forth in Sections 46b-81 and 46b-82, C.G.S. together with other related statutes, the court makes the following findings and orders.
The plaintiff-husband is 47 years old and is a college graduate with an M.A. in business administration and has also studied computer science. Until February, 1997, he was a 28 year employee with the Warner-Lambert Company and he had risen to the level of plant manager. His salary at the time he left Warner-Lambert was approximately $85,650.00 per year. He also had a 401 (k) plan and other benefits.
The defendant offered considerable evidence and testimony concerning the financial assets of the plaintiff including but not limited to his pension, his severance package and other financial benefits. There was testimony which permits the court to find that the present value of the plaintiff's pension is approximately $111,174.00 (Deft. Ex. 7) and that the plaintiff was entitled to a lump-sum severance package in the amount of approximately $64,049.62 at the time his employment terminated (Deft. Ex. 6).
The court further finds that the reason he gave for ending his employment with Warner-Lambert was that he was "not motivated and not interested in remaining in the employ of Schick" and that the reason for his termination was deemed as "voluntary" by his employer. (Deft. Ex. 5).
The defendant also offered evidence and testimony which permits a finding that during the last months of his employment the plaintiff met or exceeded all of the goals established for him by his employer (Pltff. Ex. D and E).
The defendant-wife is 47 years old. She attended Southern Connecticut State College, but left before receiving her degree to care for the parties' first born child. She testified that she suffers from a number of illnesses including Crone's disease which has effected her gastro-intestinal system and which CT Page 13371 necessitated her undergoing surgery in 1995 and in 1997 and treatment at the Leahy Clinic. The illness has caused her to become fatigued and incontinent. She also suffers from depression and anxiety for which she takes various prescription medicines including anti-depressants. She also is treated by a psychologist. She reported that after the plaintiff informed her in May, 1996 of his dissatisfaction with the marriage and of his intention to seek a dissolution, she experienced extreme emotional and psychological distress and began consulting with a psychologist.
Despite her varied physical and emotional difficulties, the defendant has maintained a variety of jobs, the most recent being self-employment as a house-cleaner. Prior to her April 1997 surgery, the defendant personally cleaned 8 to 10 house per week (with help). The average cleaning time per house is 3 to 4 hours at the rate of $12.00 per hour. Her current financial affidavit reports net weekly income from that employment to be $112.00.
The defendant maintains her own home and garden and cares for two large Great Dane dogs — all of those duties requiring more than a little physical exertion.
The defendant has requested that the court find that by his failure to respond to her request for admissions dated June 6, 1997, (Deft. Ex. 9), the defendant has procedurally admitted the following facts:
That the plaintiff removed $9,335.99 from an account at Newtown Savings Bank on or about July 16, 1996;
that the plaintiff in June 1996 exercised various Warner-Lambert stock options which resulted in gross ordinary income to him of not less than $34,000.00;
that on or about January 31, 1997 the plaintiff withdrew $20,206.32 from Webster Bank;
that subsequent to the issuance of the order of the Superior Court restraining him from transferring assets, he withdrew not less than $7,000.00 from his PARDA Credit Union account;
that subsequent to the issuance of the order of the Superior Court restraining you from transferring assets, he withdrew, received or otherwise depleted not less than $5,000.00 from the CT Page 13372 Bank of Boston Connecticut;
that on or about February 3, 1997 he wrote a check against the Bank of Boston Home Equity Credit Line payable to Chase Automotive Finance in the sum of $16,103.27;
that on or about February 6, 1997 he wrote a check against the Bank of Boston Home Equity Credit Line payable to American Express in the sum of $12,000.00;
that during January 1997 he exercised various Warner-Lambert Stock Options which resulted in gross ordinary income to him in the amount of $31,580.94;
that on or about January 15, 1997 he received a withdrawal from his Warner-Lambert 401 (k) account, the gross amount of which was $259,842.34;
that on or about March 6, 1997 he received a distribution from his Warner-Lambert 401 (k) account, the gross amount of which was $25,377.48;
that sometime after February 7, 1997 he received lump sum severance pay in the gross amount of $99,925.00;
that sometime after February 7, 1997 he received vacation pay in the gross amount of $7,247.46.
The plaintiff never responded to the foregoing requests for admission and elected to absent himself from the courtroom during the trial thereby making it impossible for those questions to be asked of him and thereby denying himself the opportunity to provide the court with his responses. For the foregoing reasons the court finds each of the foregoing facts to have been admitted by the plaintiff pursuant to Practice Rule Sec. 238, et seq.
Based on the foregoing facts, the court finds that the plaintiff terminated his employment voluntarily and that he has taken possession of the aforementioned amounts. The court further finds that the gross amounts found to have been paid to or received by the plaintiff do not reflect penalties, interest and/or taxes which may have reduced those sums to net figures.
The court further finds that by voluntarily terminating his employment, the plaintiff's annual income for the purposes of CT Page 13373 this judgment shall be based upon his earning capacity which the court finds to be not less than $85,650.00 (Deft. Ex. 6).
Having made the foregoing findings, the court enters the following orders:
The plaintiff is ordered to pay to the defendant the sum of $500.00 per week as periodic alimony until her death, remarriage or cohabitation, as defined by statute.
The plaintiff is to convey to the defendant all of his right, title and interest in and to the real property known as 20 Riverhill Road, Southbury, Connecticut. The plaintiff is to retain the furnishings and household contents with the exception of the wine collection and the original art works which were the subject of testimony during the trial. Those items are to be the property of the plaintiff except, however, the defendant may hold those items as security for the payment of the monetary orders which shall enter as part of this judgment. Upon failure of the plaintiff to satisfy the monetary orders or if he shall fail to make conveyance of his interest in and to the real property forthwith, the defendant can apply to this court, with notice provided to the plaintiff, for permission to sell or take title to said personal property.
The plaintiff is to transfer by Qualified Domestic Relations Order his interest in his Warner-Lambert pension and the court shall retain jurisdiction over the conveyance of that interest.
The plaintiff shall, within 180 days, pay to the defendant the sum of $25,000.00 as part of the division of the marital assets which he has been found to have depleted in violation of the court's orders. Additionally, he shall make such payment on or before July 1, 1999, 2000, 2001, 2002 and 2003, for a total amount of $150,000.00 over that period of time.
The court further orders that the plaintiff pay forthwith any arrearage which currently exist as a result of pendente lite orders of this court. Any arrears not satisfied must be the subject of appropriate motions by the defendant.
The plaintiff shall endorse and return to the defendant any reimbursement checks which are in his possession within 10 days of notice of this order. CT Page 13374
Having found that the marriage of the parties has broken down irretrievably, the court decrees that the marriage is dissolved and the parties are single and unmarried.
By the Court,
Joseph W. Doherty, Judge